

2010 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-23-2010

# In Re Jeffrey J. Prosser

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2692

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2010

Recommended Citation

"In Re Jeffrey J. Prosser " (2010). *2010 Decisions.* Paper 906.
http://digitalcommons.law.villanova.edu/thirdcircuit_2010/906

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2010 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 08-2692

In re:  JEFFREY J. PROSSER,

Appellant

Appeal from the District Court of the Virgin Islands,
Division of St. Thomas and St. John
(Civ. No. 3-07-cv-00156)
District Judge: Hon. Curtis V. Gomez, *Chief Judge*

Submitted pursuant to Third Circuit LAR 34.1(a)
December 1, 2009

Before: McKEE, *Chief Circuit Judge*, FUENTES, and
NYGAARD, *Circuit Judges*

(Opinion filed: July 23, 2010)

OPINION

McKEE, *Chief Judge*.

Jeffrey J. Prosser has appealed an order of the district court affirming an order of

the bankruptcy court that denied reconsideration of an earlier order converting Prosser's

Chapter 11 bankruptcy proceeding, 11 U.S.C. §§ 1101 *et seq.*, to a proceeding under

Chapter 7, 11 U.S.C. §§ 701 *et seq.*

Inasmuch as the background facts leading to the conversion are recited in the

district court's Memorandum Opinion, we find it unnecessary to recite those facts here.

1

*See In re Prosser*, 2008 WL 2369187 (D.V.I. June 6, 2008). A bankruptcy court can convert a Chapter 11 proceeding to a proceeding under Chapter 7 for "cause." 11 U.S.C. § 1112(b). Section 1112(b)(4)(A)-(P) provides a list of factors that constitute "cause" for such a conversion. Certain of Prosser's creditors filed motions to convert Prosser's Chapter 11 proceeding to one under Chapter 7, and the bankruptcy court granted the motions after finding cause as set forth under the Bankruptcy Code. Thereafter the bankruptcy court denied Prosser's motion to reconsider that conversion and the district court subsequently affirmed the bankruptcy court's decision. This appeal followed.

"The bankruptcy court has broad discretion in deciding whether to . . . convert a chapter 11 case." *Loop Corp. v. United States Trustee*, 379 F.3d 511, 515 (8th Cir. 2004). After a full review of the record, the district court filed a Memorandum Opinion in which it carefully and fully explained its reasons for holding that the bankruptcy court did not abuse its discretion in converting Prosser's Chapter 11 proceeding to a Chapter 7 proceedings. We can add little to the district court's analysis and discussion. Accordingly, we will affirm substantially for the reasons set forth in the district court's Memorandum Opinion without further elaboration.

2